## J. G. REININGER v. WILLIAM PANNELL.

### Decided April 17, 1907.

**1.—School Land—Actual Settlement—Substitute Purchaser.**

A substitute purchaser of school land who complies with all the requirements of the law in the matter of such purchase, will obtain good title as against a second applicant, even though the original purchaser had not complied with the law in the matter of actual settlement on the land. The substituted purchaser becomes in all respects an original purchaser.

**2.—Same—Assignment of Payments.**

The substituted purchaser is entitled to credit for previous payments made by the original purchaser when duly assigned to him.

Error from the District Court of Brewster County. Tried below before the Hon. B. C. Thomas.

*W. Van Sickle,* for plaintiff in error. Cited Spence v. Dawson, 70 S. W. Rep., 73; Johnson v. Bibb, 75 S. W. Rep., 71.

*Geo. M. Thurmond,* for defendant in error.

JAMES, CHIEF JUSTICE.—Plaintiff Reininger sued appellee, alleging that on October 20, 1905, he duly filed application to purchase section 124, block 22, G. H. & S. A. Ry. Co. as an actual settler under the Acts of 1905, which was awarded to him, and that he made his settlement thereon. That thereafter on October 20, 1905, he filed his application in due form to purchase section 116, block G., M. K. & T. Ry. Co. as an additional section to his home section; paid into the State Treasury $16 at the time; that said additional section was within a radius of five miles from his said home section 124, and at the time it was classified and valued by the Commissioner of the General Land Office as dry grazing land at one dollar per acre. That thereafter, to wit, on December 1, 1905, the defendant entered upon said section 116 and ejected plaintiff therefrom and now holds and possesses the same against plaintiff; that plaintiff is entitled to possession thereof. That one J. H. King pretended to buy same from the State upon his application as an actual settler, and afterwards about June 9, 1905, transferred it to defendant. Plaintiff charges that no settlement of any character and no personal residence thereon was made by King, and that he abandoned it and never resided upon it. And that the defendant Pannell has never made any character of settlement upon same since his purchase, and if it should appear that he did settle upon it, still, the failure of the original purchaser to settle and reside thereon invalidates said sale. The prayer was for the title and possession, and that the sale to King be declared null and void. The defendant answered by general demurrer, which does not appear to have been presented to or acted upon by the court, and by plea of not guilty and general denial. Judgment was for the defendant.

The facts were agreed upon in substance as follows: That Reininger duly acquired section 124. That section 116 (the section in controversy) was applied for by him as additional land to his said home section on October 14, 1905, that it was duly classified and valued at one dollar an acre at the time, that he paid 1-40 of the price into the State Treasury and that the application was rejected for the reason that that section had theretofore been sold to J. H. King, the vendor of the defendant, and defendant had theretofore been substituted by the State for J. H. King as the original purchaser. That J. H. King had applied to purchase the section on August 1, 1903, it being then classified and appraised at one dollar an acre, and paid 1-40 of the price into· the State Treasury, and the same was awarded to him; that he had made all payments necessary to be paid to the State Treasurer and duly and regularly assigned and transferred the section to defendant Pannell, which conveyance was duly and regularly filed and recorded in Brewster county and in the General Land Office and was duly recognized as an assignment of the rights and interest of the said King in and to said section by the Commissioner of the General Land Office, and he, the said Pannell, was, on June 20, 1905, duly and regularly substituted by the Commissioner for said J. H. King as the purchaser of the section; that Pannell had ever since his substitution paid all installments of principal and interest due under his· said substitute purchase and the account for the sale of same since sold to King has at all times been in good standing on the books of the State Treasurer and Commissioner of the General Land Office. Also that Pannell at the time he was so recognized in the General Land Office as substitute purchaser as the assignee of King, filed in due form his obligation to the State for the balance of the purchase price of said section and the necessary affidavit of settlement. That King at the time of his application to purchase had not complied with the law as to actual settlement thereon, and at the time of the purchase of Pannell from him and on the day of the latter's application to purchase the section made to the Commissioner under and by virtue of his transfer from King, he, the said Pannell, was an actual settler on the section and has ever since in every manner complied with the law, residing upon it, improving and making his home upon it, and has done all things required by law of a substitute purchaser, and that he was so substituted as purchaser long anterior to the application of plaintiff to purchase either his home or this section. That at the time plaintiff applied to purchase section 124, and section 116 as additional land, he was an actual settler on said section 124, and that 116 was within a radius of five miles of section 124, and that all payments necessary to be made on both sections by plaintiff have been duly made.

Plaintiff in error's proposition is as follows: "The purchasers of school lands from the State, under the law by which the land in controversy (could be acquired) required absolute settlement by the original purchaser, and when it is admitted by the appellee in this suit that his grantor, the original purchaser, never settled

upon the land, the attempted substitution of a void purchase is absolutely void, although the substituted purchaser complied with article 4218k, Revised Statutes of 1895."

We are of the opinion that the proposition should not be sustained. It is true the statute had in view a substitution of one actual settler by another actual settler. Spence v. Dawson, 70 S. W. Rep., 73. But we think, as was stated in Johnson v. Bibb, 75 S. W. Rep., 71, that the process of substitution creates a new and original relation, and the substituted purchaser, being an actual settler and having complied with the requirements of article 4218k, is entitled to stand as an original purchaser direct from the State. Although a writ of error was refused by the Supreme Court in the case last cited, we recognize that this view was not necessarily concurred in by the Supreme Court, as an affirmance of the particular judgment might have rested upon other grounds.

Whatever might have been the right of plaintiff had he only the original purchase by King to deal with, it would be a manifest injustice, where a party has in good faith under the statute assumed the position of a substituted purchaser and improved the section, to allow a subsequent applicant to set up some defect that existed in the original purchase, which the statute declares to have been abrogated. We think, no adverse right having intervened, the substituted purchaser becomes in all respects an original purchaser, and is entitled to hold the land by force of his own settlement and compliance with the terms of the statute.

It is contended by plaintiff in error that if this view be adopted, defendant's title fails because it was not shown that he made the cash payment required of original purchasers. The facts agreed upon sufficiently indicate that such payment and all subsequent payments up to the time of purchase from King had been made and that same were credited in defendant's purchase. The transfer from King was treated by the Treasurer and Commissioner as an assignment of the benefits of such payments, and they were so applied, which in Johnson v. Bibb, was held to be contemplated by the statute.

Appellee calls attention to the fact that plaintiff has not shown by any evidence that he was entitled to purchase this section as additional land, it not being shown that he had not already acquired all additional land that he was allowed to purchase, and that, being plaintiff, it was necessary for him to show this fact. It was shown that the Commissioner had rejected his application on another ground, and this, it is contended, was sufficient to establish that such a reason as that he had not acquired his quota of additional land did not exist. We are inclined to think that this was not proof of the fact. The judgment is affirmed.

*Affirmed.*