HERMAN GOODWIN v. J. E. KOONCE ET AL.

Decided June 4, 1910.

**Public School Land—Substitution of Purchaser—Effect.**

When a vendee of the original purchaser of public school land receives a conveyance of the same from such purchaser and files such conveyance in the General Land Office and is there duly substituted by the Commissioner for the original purchaser from the State, and such vendee complies in all things with the requirements of the law governing the occupancy of the land, the Commissioner has no lawful right to forfeit the original award and the substitution because of some dereliction on the part of the original purchaser occurring before the substitution. The substitution is in effect a sale to the substitute.

Appeal from the District Court of Ward County. Tried below before Hon. S. J. Isaacks.

*N. A. Rector* and *Hefner & Hudson,* for appellant.

*A. J. Wilson, W. E. Hawkins, R. V. Davidson, A. S. Hawkins* and *Theodore Mack,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Herman Goodwin instituted this action of trespass to try title against J. E. Koonce and others to recover certain land in Ward County, and from an adverse judgment has appealed.

Following are the findings of fact of the trial court which we adopt:

"I. The three tracts of land in controversy, towit, sections numbered 11, 13 and 14, S. F. 6952, 6954 and 6955, G. G. Houston, together with section number 12, S. F. 6953, G. G. Houston, all in Ward County, Texas, were awarded by the Commissioner of the General Land Office to G. G. Houston on October 6, 1905, on his application dated October 3, 1905, said G. G. Houston purchasing same and being awarded to him as an actual settler, said section numbered 12 being designated as his home section and the others as additional, said application and awards being in all things in compliance with the law governing the sale of school land to actual settlers.

"II. That thereafter the said G. G. Houston conveyed said lands to one Oliver Allen, who in turn conveyed same to plaintiff herein, both of said conveyances being in regular form, and each of the vendees, towit, Oliver Allen and the plaintiff herein, executed their subsequent obligations to the State and filed same, together with the deeds, in the

Vol. LXII Civil—11.

General Land Office, and each of them were duly substituted in the General Land Office as substitute purchasers from the State of Texas, each designating section 12 as his home section.

"III.   That the deed from G. G. Houston to Oliver Allen was executed on the 12th day of November, 1906, duly recorded in deed records of Ward County and filed in the General Land Office on the 16th day of November, 1906; and the deed from Oliver Allen to the plaintiff herein was executed on the 13th day of July, 1907, and duly recorded in the deed records of Ward County and filed in the General Land Office on the 19th day of July, 1907.

"IV.   That on the 13th day of August, 1908, the Commissioner of the General Land Office forfeited the sales of all of the said lands to the said G. G. Houston and to the substitute purchasers, Oliver Allen and the plaintiff herein, for alleged nonoccupancy.

"V.   That thereafter the Commissioner of the General Land Office awarded said sections numbered 13 and 14 to J. E. Koonce, one of the defendants herein, on his application filed in the General Land Office, and that said applications were in all things in compliance with the law governing the sale of public school land to actual settlers; said section 14 being awarded as home section and said section 13 as additional land thereto.

"VI.   That on the same date the Commissioner of the General Land Office awarded section numbered 11 of the land in controversy to W. R. Hughes, one of the defendants herein, on his application filed in the General Land Office, said application being in all things in compliance with the law governing the sale of public school land to actual settlers; said section numbered 11 being awarded as additional land to section number 9, S. F. 7040.

"VII.   That said defendants, J. E. Koonce and W. R. Hughes, have, since the award of said land to them by the Commissioner of the General Land Office, in all things complied with the law as to settlement, occupancy and improvement of said land.

"VIII.   That the plaintiff did on the 19th day of June, 1907, with his family and household effects, move on to said section numbered 12 and established his home thereon; and on the same date the said Oliver Allen did move off of said section numbered 12, with his family and part of his effects, and that on or about the 1st day of July, 1907, the said Oliver Allen did remove from said section 12 all of his household and personal effects and never at any time returned to said section 12, and that said removal from said section by the said Oliver Allen was a permanent removal with no intention on his part of ever returning to said land.

"IX.   That the plaintiff, Herman Goodwin, had full knowledge of the fact that the said Oliver Allen moved away from said section 12 on the 19th day of June, 1907, with the intention of not returning to said section or making it his home, and had full knowledge of the fact that

he was not on said section at any time after he removed the remainder of his personal effects from said section on the 1st day of July, 1907.

"X. That since the date of the execution of the deed from Oliver Allen to the plaintiff herein, on the 13th day of July, 1907, the plaintiff has lived upon and in good faith made his home upon said section numbered 12, and since that date has in all things complied with the law governing the occupancy of purchasers of school land as an actual settler." ·

Upon these findings the trial court concluded: "That the said Oliver Allen had abandoned said land prior to the conveyance made by him to the plaintiff and had no title to convey to plaintiff; hence, plaintiff can not recover, and defendants should recover on their cross action," and rendered judgment accordingly.

We think this judgment is wrong, irrespective of the question of abandonment of the land by Allen, since in the findings of fact it appears that appellant, after receiving a conveyance for the land from Allen, filed the same in the General Land Office and was duly substituted there as a purchaser from the State, and that appellant has lived upon, and in good faith made his home on, said land since that date, and has in all things complied with the law governing the occupancy of purchasers of school land as an actual settler. Under these circumstances, irregularities or even the invalidity of the previous sales to Houston or Allen become immaterial. Any such vices are cured in the later sale (for the substitution is no less than a sale) to appellant. Johnson v. Bibb, 32 Texas Civ. App., 471 (75 S. W., 71); Reininger v. Pannell, 46 Texas Civ. App., 137 (101 S. W., 816).

On the foregoing findings of fact we reverse the judgment below and here render judgment in favor of appellant for the lands in controversy.

*Reversed and rendered.*

Writ of error refused.