W. H. DAVIS ET AL. v. WILLIS YATES.

Decided November 16, 1910.

**1.—Public School Land—Purchaser—Failure to Occupy—Authority of Land Commissioner.**

The act of the Commissioner of the Land Office in awarding public school land to a bidder who was not in fact an actual settler on the land, would be contrary to law, and would confer no right to the land on such bidder; and the alleged rights of such bidder or purchaser would be no impediment to the reinstatement of a prior purchaser, whose right had been forfeited for non-payment of interest, under the provisions of article 4218j, Rev. Stats.

**2.—Same—Reinstatement of Purchaser—Statute Construed.**

Under the provisions of article 4218j, Rev. Stats., a purchaser of public school land whose right thereto had been forfeited for non-payment of interest would have an absolute right at any time thereafter to be reinstated as purchaser of the land upon compliance with the requirements of said statute, provided no lawful right of a third party had intervened. And an erroneous or unwarranted refusal of the Commissioner of the Land Office to recognize such right would not affect it, nor preclude the Commissioner from subsequently reversing his ruling.

**3.—Same—Substitute Purchaser.**

Where no intervening right exists, a substitute purchaser of public school land is in all respects treated as an original purchaser.

**2.—Same—Purchase—Forfeiture—Reinstatement—Limitation.**

A purchase of school land was canceled on July 1, 1904, for default in payments; the land was sold to another purchaser on December 5, 1904; the first purchaser applied for reinstatement on March 24, 1908; on May 26, 1908, the Commissioner of the Land Office refused the application for reinstatement and confirmed the second sale; on September 19, 1908, the Commissioner reversed his ruling, canceled the second sale and reinstated the first purchaser; on June 6, 1908, the first purchaser filed suit against the second (or his substitute vendee) for possession of the land. Held, plaintiff's suit was not barred by the one-year period of limitation prescribed by section 1 of the Act of 1905 (Laws 1905, p. 35).

**5.—Same—Acts of Commissioner—No Estoppel.**

A sale of public school land was canceled by the Commissioner of the Land Office for default in payments, and the land sold to another; the second purchaser sold his right to a third party who was duly recognized by the Commissioner as a substitute purchaser; pending said last transaction, the first purchaser made due application for the cancellation of the sale to the second purchaser and a reinstatement of himself as owner of the land; the substitute purchaser had full notice of the pendency of said application for reinstatement, and suspended a consummation of the transaction until notified by the Commissioner that said application had been refused and that she was recognized by the Land Office as the owner of the land, when she consummated the transaction by paying the purchase money; thereafter the Commissioner reversed his ruling and canceled the sale to the second purchaser, and consequently to the

substitute purchaser, and reinstated the first purchaser. Held, neither the State nor the Commissioner was estopped from reinstating the first purchaser.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Campbell & Wren,* for appellants.—Neyman's contract, while recognized by the State, constituted rights of others intervening, within the purview of Revised Statutes, article 4218f (as amended by the Acts of the Twenty-fifth Legislature, p. 185). Wyerts v. Terrell, 100 Texas, 409; Murphy v. Terrell, 100 Texas, 398; Slaughter v. Terrell, 100 Texas, 600.

Yates' application for reinstatement, filed while the Neyman contract was uncancelled and recognized by the State, was premature and conferred no rights on Yates as against appellant who purchased the Neyman contract, and was accepted by the State, prior to any cancellation. Ford v. Brown, 96 Texas, 537; Hazelwood v. Rogan, 95 Texas, 306; Kentucky Cattle Co. v. Bruce, 78 Texas, 274; Patterson v. Knapp, 100 Texas, 587.

Whatever default, after purchase, has been made by the purchaser of school lands, his contract is valid against all other purchasers, either by reinstatement or otherwise, until the Commissioner has actually indorsed a cancellation on his obligation, in terms of the law. Adams v. Terrell, 107 S. W., 538 (Supreme Court); Williams v. Keith, 111 S. W., 1058; Jones v. Wright, 98 Texas, 458; Gracey v. Hendrix, 93 Texas, 29; Patterson v. Knapp, 100 Texas, 587; Bates v. Bratton, 96 Texas, 282; Boaz v. Powell, 96 Texas, 5; Lindsey v. Terrell, 100 Texas, 550.

The process of substitution of his vendee for the original purchaser of school land creates a new and original relation, and the substituted purchaser, being an actual settler and having complied with article 4218k, Rev. Stats., 1895, is entitled to stand as original purchaser direct from the State. The authorities already cited, and Rev. Stats., 1895, art. 4218k; Reininger v. Pannell, 101 S. W., 816; Martin v. Marr, 62 S. W., 933; Johnson v. Bibb, 75 S. W., 73; Burnett v. Wommock, 85 S. W., 1199.

As to estoppel of State: Fristo v. Blum, 92 Texas, 85; Standifer v. Wilson, 93 Texas, 236; State v. School Dist., 88 N. W., 751; State v. Milk, 11 Fed., 389, 397; State v. Ober, 34 La. Ann., 360; Atty. General v. Ry. Co., 6 Ire. L., 456, 459; People v. Manhattan Co., 9 Wendell, 351, 380, 382. Mound Oil Co. v. Terrell, is not *contra.*

As to estoppel of individuals: Gould v. West, 32 Texas, 352; Richardson v. Powell, 83 Texas, 588.

*Fisher, Sears & Campbell,* for appellee.

JAMES, CHIEF JUSTICE.—An action of trespass to try title brought by Yates against W. H. Davis and his wife, S. B. Davis, involving a

tract of 160 acres, being the north half of the north half of school section 6 H., T. & B. R. R. Co. in Harris County, in the original petition, filed June 6, 1908, alleging certain acts of trespass, respecting which an injunction was asked.

The answer, filed August 18, 1908, was a general denial and not guilty, and set up that the tract was and is public school land, not patented, and if plaintiff had possession thereof when defendant entered upon it, such possession was procured by fraudulent and unlawful methods on the part of plaintiff; that under the law the land could only be awarded to one who made his residence upon it, and that plaintiff, when he filed this action, had not resided on the land, but had his residence on other land; that plaintiff is estopped and can not equitably contend that Julius Neyman (whose right in the land was purchased and is now owned by defendant S. B. Davis) failed to make and continue actual settlement on the land, for this: 1st. That the statute of limitations of one year, as prescribed by the Act of 1905, prohibits such attack in the courts. 2nd. That before defendant purchased from Neyman, her husband, W. H. Davis, as her agent, in good faith investigating the title, on or about March 18, 1908, told plaintiff that defendant S. B. Davis was negotiating for the purchase of said land from Neyman, and plaintiff then and there claimed said land and told W. H. Davis to see N. Schmitz of Houston who would tell him all about his title. That he (Davis) in good faith found Schmitz the next day and told him of said negotiations with Neyman and of said claim of plaintiff and of the latter's referring to him for the particulars of his claim, and Schmitz then and there stated plaintiff's rights in the land but that he had lost them by his failure to make payments, that said Julius Neyman dare not live on the land and that plaintiff would not let him do so, thus fully confirming the claim made by Neyman that plaintiff had lost all rights in the land, and that Neyman had secured the land from the State but had to leave same from fear of death or serious bodily harm at the hands of plaintiff; and defendants say that, induced by said statements, defendant S. B. Davis bought from Neyman, paid him value therefor, settled upon the land as her home, executed her obligation which has been accepted by the State for said land, and, for about two months before the institution of this suit, she was in quiet possession and during that time expended about $750 on improvements.

The answer also pleaded that for more than one year after the taking effect of the statute of 1905, and for more than one year after said land was awarded to Neyman and his purchase thereof fully recognized by the State and so appearing in the records, plaintiff can not claim that defendants' possession was obtained by force, threats or fraud, for defendants entered thereon while same was open and not enclosed; that Neyman himself entered and gave defendants actual possession which was peaceably maintained for about two months before the institution of this suit; that plaintiff was present when such entry was made by Neyman, and walked off without saying anything, and for nearly two

months plaintiff almost daily saw defendants making the said improvements thereon and said nothing. That defendant, S. B. Davis, is a purchaser of the land from the State and is so recognized as the lawful owner with exclusive right of possession; and neither her rights nor those of her vendor Neyman in said land have ever been forfeited, but have all along been and are now in good standing upon the records of the Land Office.

Plaintiffs on May 17, 1909, filed an amended original petition, substantially similar to the original. Both parties filed voluminous amended pleadings, which would require too much space to set forth, and which, if it proves necessary, will be referred to in the consideration of the assignments of error. The judgment, upon special findings of the jury, was in favor of Yates for the tract of land, against appellants and a number of interveners. As the interveners have not appealed it is unnecessary to notice them or their pleadings.

It appears that the questions here are questions of law, arising upon an agreed statement of facts.

Appellants' brief sets forth the facts as succinctly as they may be, and appellee admits that they are correct as far as they go. We here give a copy of these facts:

"1. On February 9, 1895, Yates purchased the school land in controversy from the State, being an actual settler, and has since resided on the land.

"2. August 1, 1903, Yates defaulted in the payment of interest then due.

"3. July 1, 1904, Yates' contract was cancelled for such default.

"4. July 2, 1904, said land was properly placed on the market for sale.

"5. December 5, 1904, Neyman applied to purchase, as actual settler, filing his affidavit that he was at the time actually residing on the land as his home, which application was by the Commissioner accepted, and the necessary money was paid to the treasurer and the land awarded to Neyman; and, thereafter, the annual payments were regularly made thereon and so appeared on Neyman's account kept by the treasurer.

"6. March 15, 1908, appellant entered into negotiations with Neyman to purchase his rights.

"7. March 20, 1908, appellant referred the matter of title to the said land to her counsel.

"8. March 24, 1908, Yates applied for reinstatement of his purchase, attacking Neyman's rights by affidavits filed with the Commissioner, alleging non-settlement and failure by Neyman to occupy the land.

"9. April 2, 1908, appellant contracted to take the land from Neyman, to pay $2500 therefor, but held up delivery of the consideration pending the result of Yates' contest.

"10. April 15, 1908, appellant went on the land to reside as her home,

,placed thereon improvements worth more than $300 and has been there ever since.

"11.    April 23, 1908, Neyman filed with the Commissioner affidavits controverting Yates' attack on his title.

"12.    May 26, 1908, appellant filed with the Commissioner deed from Neyman to her, also her regular affidavit, obligation and application as purchaser.

"13.    May 26, 1908, the Commissioner refused to cancel Neyman's contract, refused to reinstate Yates and accepted appellant as purchaser of the land and opened regular account with her.

"14.    May 28, 1908, counsel for appellant received official notice from the Commissioner of this action.

"15.    May 30, 1908, appellant closed her deal for the land and paid the $2500 consideration.

"16.    June 6, 1908, Yates filed this suit, alleging ownership of the land, possession for twenty years, erection of improvements, and asked for injunction restraining appellants from remaining on the land, building fences, etc.

"17.    July 9, August 18, 1908, appellants answered, setting up their title under the foregoing facts, etc., pleading the statute of limitations of 1905, also estoppel against Yates and the State and Commissioner.

"18.    September 19, 1908, the Commissioner attempted to cancel the award to Neyman and the contract of appellant and to reinstate Yates.

"19.    May 17, 1909, Yates, by supplemental pleading, set up the September cancellation and reinstatement."

Appellee particularly calls attention to the omission of one fact found by the jury, which was that Neyman at the time of his application for the land was not an actual settler upon the land in good faith, living upon the same with the purpose and intention of making it his home. One of the paragraphs of the agreed statement of facts is that the evidence supports the findings of the jury.

The first and second assignments of error are that the court erred in refusing to instruct the jury to return a verdict for the defendant, upon the evidence.

In connection with the assignments, the following are undisputed facts:

The original purchase by Yates was cancelled for default in payments on July 1, 1904, and the land was placed on the market.

Neyman, as an actual settler, purchased from the State on December 5, 1904, and kept up his payments, but was in fact not an actual settler.

On March 24, 1908, Yates applied for reinstatement.  On April 23, 1908, Neyman filed affidavits controverting Yates' attack on his title, which attack was that Neyman had failed on his obligation as to settlement.

On May 26, 1908, the Commissioner refused to cancel Neyman's contract, refused to reinstate Yates, and accepted appellant (then a widow, Mrs. S. B. Simpson), as purchaser by virtue of a transfer from Neyman

to her, and so notified appellant, who has done what was essential to keeping her purchase in good standing. On May 30, 1908, appellant, Mrs. Davis (then Mrs. Simpson), paid Neyman for his deed to her, having reserved same pending the outcome of Yates' contest.

At the time of Mrs. Davis's purchase and acceptance she was residing upon the land as a home, and improved same and has since resided upon it. She married Davis June 4, 1908.

On September 19, 1908, the Commissioner, in view of Yates' application as aforesaid, cancelled the award to Neyman and his acceptance of appellant and reinstated Yates, endorsing on both the obligation of Neyman and the obligation of Mrs. Simpson as his assignee: "Forfeited for failure of original purchaser to reside upon and improve the land as required by law, and for the reason that assignee Simpson was so cognizant of such facts at date of transfer to her," and since said date he has refused to recognize Mrs. Simpson (now Davis) as the purchaser of the land.

On June 6, 1908, Yates filed his original petition in this suit.

On August 9th appellants filed their answer, setting up their title as it then stood, pleading the statute of limitations of 1905, and estoppel.

On May 17, 1909, after the September, 1908, cancellation and reinstatement, Yates filed an amended petition; and by a supplemental petion of same date, in answer to defendant's second amended original answer filed same day, Yates set up said September, 1908, cancellation and reinstatement.

It was an established fact that Neyman was not an actual settler on the land as required by law, when he applied for and obtained his award. Also that when he negotiated to sell to Mrs. Davis (then Simpson), which was on April 2, 1908, Yates's application for reinstatement and his attack on Neyman's purchase was before the Commissioner and she had full notice of the same, and arranged with Neyman to withhold the purchase money to abide the result, and did so until the Commissioner refused, on May 26, 1908, to reinstate Yates or to cancel Neyman, of which she received notice, and a few days thereafter paid Neyman the consideration, which was $2500, and received the deed, which had been left in escrow.

Under the third assignment appellant advances a number of propositions: 1st. Neyman's contract, while recognized by the State, constituted "rights of others intervening" within the purview of Revised Statutes, article 4218f, which provides "In any case where lands have been forfeited to the State for the non-payment of interest, the purchasers or their vendees may have their claims reinstated on their written request by paying into the treasury the full amount of interest due on such claim up to the date of reinstatement; provided, that no rights of third persons may have intervened. In all such cases the original obligations and penalties shall thereby become as binding as if no forfeiture had ever occurred."

Appellant has briefed, in this connection, the effect of the Act of March 16, 1905, Laws of 1905, p. 35, which provides as follows:

Section 1. "That hereafter all persons claiming the right to purchase or lease any public free school lands which have been heretofore or which may be hereafter sold or leased to any other person under any provisions of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after this Act goes into effect, or after the date of the award of such sale or lease, if such award is made after the taking effect of this Act, and not thereafter.

Sec. 2. "If no suit has been instituted by any person claiming the right to purchase or lease any of said land within the period of time limited in the first section of this Act, it shall be conclusive evidence that all the requirements of the law in reference to the sale or lease of such lands have been complied with; provided, that nothing in this Act shall be construed to affect the State of Texas in any action or proceeding that may be brought by it in respect to any of said lands."

Under the first statute above quoted, Yates, whose right was forfeited because of the failure to keep up interest payments, it being otherwise regular, had the absolute right at any time thereafter to be reinstated on written request, provided no right of Neyman had in the meantime intervened. When Yates filed his written request and complied, as he did, with the payment of the interest due, his right to reinstatement was perfect as to Neyman, because at that time the latter had no right notwithstanding his award, for the reason that he had in fact never settled on the land, and the act of the Commissioner in awarding him the land was contrary to law, outside of his authority, and conferred no right. Briggs v. Key, 30 Texas Civ. App., 566, in which case the Supreme Court refused a writ of error. See also Williams v. Barnes, 111 S. W., 434; Jones v. Wright, 92 S. W., 1011; Tillman v. Erp, 121 S. W., 549.

No intervening right existed in Mrs. Simpson (Davis) at the time of Yates' request for reinstatement, for the reason that whatever claim she obtained, was acquired subsequently, with notice.

This brings us to consider the effect of the Commissioner's action in cancelling Neyman's purchase and Mrs. Davis's acceptance by him after having, upon the contest, once decided to recognize same and to reject Yates's request for reinstatement; and the further question of the effect of the above statute of limitations on the assertion by Yates of his right.

It is settled that Mrs. Davis, by her substitution, occupied the position of an original purchaser. Reininger v. Pannell, 46 Texas Civ. App., 137 (101 S. W., 816); Johnson v. Bibb, 32 Texas Civ. App., 471 (75 S. W., 71); Burnett v. Wommock, 85 S. W., 1199; Martin v. Marr, 26 Texas Civ. App., 55 (62 S. W., 932). But, as stated in the first of these cases, such purchaser took subject to any right to the land that had intervened. When no intervening right exists, the purchase is in all things treated as an original one.

The purchase by Mrs. Davis was after Yates had filed his request for reinstatement, and even her negotiations for the transfer were subsequent

thereto. At the time of his application he had only Neyman to deal with. If Yates was, by his application and the fact that Neyman was not a settler, legally entitled to reinstatement, he was so entitled when he complied with the statute for that purpose (Anderson v. Neighbors, 94 Texas, 241), and the process by which the Commissioner finally arrived at or postponed the recognition of his right, is immaterial. His action in first denying his right did not conclude him from afterwards on reconsideration recognizing it. Johnson v. Bibb, 75 S. W., 72. Even his continued refusal would not have concluded Yates's right of reinstatement. Lee v. Green, 24 Texas Civ. App., 109. We hold in this connection that such right of Yates became fixed as of the date of his compliance with the terms of the statute, and at that time appellant Davis had acquired no right.

In reference to limitations: the facts are that Yates filed his original petition on June 6, 1908, more than four years after the award to Neyman, and within a short time after the transaction between Neyman and Mrs. Davis, but after Yates had filed his application for reinstatement, which occurred on March 24, 1908. Said original petition alleged that Yates was the owner and entitled to the possession of the land with improvements thereon, that defendants were trespassers upon the same, committing acts of trespass and waste, etc., and excluding plaintiff therefrom, and injuring the freehold, and prayed for an injunction to restrain them from further trespassing upon the land or interfering with plaintiff's possession, use, enjoyment, etc., and general relief.

Plaintiff, on May 17, 1909, filed an amended original petition alleging in substance the same. Upon the coming in of defendants' second amended answer on same day, setting up their claim, as they had already done in their original answer filed August 18, 1908, plaintiff filed a supplemental petition setting up the circumstances of his right to the land under the reinstatement.

It should be observed that after Yates had allowed his original purchase to become and remain forfeited, he had no right of action to assert against Neyman, as matters thus stood. Yates, however, continued to possess a certain right under existing statutes, which was to apply for his reinstatement which, if he properly performed, would create in him a right to the land which he could assert in the courts. There was no delay of a year after this right to litigate accrued to him.

Besides, after the reinstatement and the cancellation, defendants had no recognized right to be protected by the said limitation statute. In Murphy v. Terrell, 100 Texas, 399, the court says: "It will be noted that the express terms of the Act apply only in cases in which persons claim the right to purchase or lease land which has already been sold or leased to others." See also Campbell v. Enochs, 107 S. W., 878. The statute might have applied to defendants had they seen fit to bring suit against Yates and had delayed more than a year. And it might have applied in favor of defendants had Yates not been reinstated and

had delayed more than a year in filing his action. Under the circumstances of this case we conclude that the statute was not applicable.

Appellant's third proposition is that Neyman's failure to occupy the land, either at the time of or after purchase, did not *ipso facto* create a forfeiture. This need not be disputed nor considered.

The fourth proposition is: "Whatever default, after purchase, has been made by the purchaser of school lands, his contract is valid against all other purchasers, either by reinstatement or otherwise, until the Commissioner has actually endorsed a cancellation on his obligation, in terms of the law." This proposition is made in connection with the fact that the endorsement was not made until September 19, 1908, which was after Mrs. Davis had completed her purchase. From what has been said, Yates' statutory right to reinstatement accrued when he made his request and complied with the statute, and the postponement of the official endorsement did not postpone his right.

The fifth proposition is: "When the Commissioner accepted appellant's proper affidavit, obligation, etc., as substitute purchaser, she obtained a valid contract, not subject to cancellation for any previous default of Neyman with reference to settlement." While this is true, it is not by any means true that she thereby obtained precedence over the right of Yates to be reinstated in his original purchase of the same land, the latter having, at the time she purchased, complied with the statutory requirements perfecting that right.

The sixth proposition is that Mrs. Davis stood as an original purchaser, which proposition this opinion fully admits.

The remainder of appellants' propositions deal with the question of estoppel. Appellant contends that by the refusal of the Commissioner to cancel Neyman's contract and reinstate Yates, and his official notification to Mrs. Davis that he had done so, whereupon she completed her purchase from Neyman, being then upon the land and complying with Revised Statutes, article 4218k, and was accepted by the State as purchaser in lieu of Neyman, both the Commissioner and the State were estopped from thereafter cancelling appellants' contract for any default of Neyman as to settlement; and that when the State enters into contract with a citizen, the same rules of law apply to it as under like conditions govern the contract of an individual; that it was not shown that appellant nor any one acting for her did any act or made any representation, or participated in or connived at any act, declaration or representation by others, whereby the Commissioner was deceived, if he was deceived, as to the true facts with reference to Neyman's settlement and occupancy; that there being no allegation of fraud or misrepresentation on her part in procuring her contract with the State, and it being admitted that, since the award to her, she has made no default in her payments or her settlement, no grounds for forfeiture of her contract existed, and the Commissioner had no authority to enter the same, and his attempt to do so in September, 1908, was void and affected no rights; and the attempted reinstatement of Yates vested no

right in him; and, finally, it is contended that Yates acquired no right by his application for reinstatement at the time he filed it, and can claim only under the attempted reinstatement of September, 1908, in privity with the State, which had parted with its title by estoppel and by deed; Yates, therefore, acquired no right as against appellant by reason of such attempted reinstatement.

The State was no party to this proceeding, and appellee is not charged with any conduct amounting to estoppel. Appellants' point is that the State was estopped by the action of the Commissioner recognizing appellant and refusing to reinstate Yates, thereby leading appellant to consummate her purchase, and Yates is equally estopped, he claiming under the State.

It must be borne in mind that not only was Yates' request for reinstatement filed, but appellant had full notice of it and of all the circumstances attending it, before she attempted to purchase. She withheld consummation of her purchase on account of these facts, and, unfortunately, treated the first decision of the Commissioner as conclusive, when it was not final but subject to reconsideration and reversal. Moore v. Rogan, 96 Texas, 375; Johnson v. Bibb, supra, for mistake or inadvertence.

Had there been no reconsideration by the Commissioner, and his first action had stood, Yates, upon the facts we have before us, could have, in due time, brought an action to substantiate his right to the land, notwithstanding. Slaughter v. Terrell, 100 Texas, 600. The right of appellant would have been subordinate to the result of such suit. She had full notice of his claim, and had bought subject to whatever right Yates could establish in such an action against Neyman or her, and we fail to see that Yates was put to any disadvantage or she placed in any better position by the first or the final conclusion of the Commissioner. It would be in the power of the Legislature to provide for protecting persons who act upon an erroneous decision of the Commissioner in such instances. Or it might make the decision of the Commissioner once declared a finality. But it has not done so, so far as we are informed.

We conclude there was no estoppel. The judgment is affirmed.

*Affirmed.*

Writ of error refused.