Greenberry SIMMONS, Appellant,

v.

CITY OF EL PASO, TEXAS, Appellee.

No. 19754.

United States Court of Appeals
Fifth Circuit.

July 18, 1963.

Rehearing Denied Aug. 29, 1963.

542

Harold S. Long, El Paso, Tex., Greenberry Simmons, Louisville, Ky., for appellant.

Morris A. Galatzan, Wm. J. Mounce, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

Federal jurisdiction in this action was asserted on diversity of citizenship and under 28 U.S.C.A. § 1655. It is difficult to see how Section 1655 has anything to do with jurisdiction in this case but since diversity of citizenship and the jurisdictional amount of a matter in controversy are present, the question need not be considered.

Predecessors of title of the appellant, Greenberry Simmons, on January 25, 1910, made written applications to purchase land in El Paso County, Texas, from the State of Texas, reciting in the applications that they were made "under the provisions of Chapter 47, Act of 1895, Chapter 129, Act of May 19, 1897, and other Texas statutes." The obligations of the applicants, who became purchasers of the lands, required the annual payment of one-fortieth of the principal and interest at three per cent. The obligations, accepted by the Texas Land Commissioner, recited the purchase of the described land "in accordance with the provisions of" the foregoing statutes of Texas.

The 1897 statute to which reference was made in the title instruments contained a provision that,

"In any cases where lands have been forfeited to the State for the non-payment of interest, the purchasers or their vendees may have their claims reinstated on their written request, by paying into the treasury the full amount of interest due on such claim up to the date of reinstatement; provided, that no rights of third persons may have intervened. In all such cases the original obligations and penalties shall thereby become as binding as if no forfeiture had ever occurred." Texas Act, 1897, Ch. 129.

In 1941, the Texas Legislature reaffirmed the right to reinstate a contract of purchase after a forfeiture but im-

posed a five-year limitation period upon the exercise of the right with respect to forfeitures thereafter occurring. In the act it was provided:

"In any case where lands may hereafter be forfeited to the State for non-payment of interest, the purchasers, or their vendees, heirs, or legal representatives, may have their claims reinstated on their written request, by paying into the Treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened. The right to reinstate shall be limited to the last purchaser from the State or his vendees or their heirs or legal representatives. Such right must be exercised within five (5) years from the date of the forfeiture, and the right to reinstate any claim heretofore forfeited by the Commissioner must be exercised within five (5) years from the effective date of this Act, but not thereafter." Texas Acts 1941, Ch. 191.

In 1951 this statute was amended but not, apparently, in any particular which is here pertinent. Texas Acts 1951, Ch. 59.

On July 21, 1947, the land was forfeited to the State for non-payment of interest. On July 23, 1952, the Land Commissioner of the State of Texas received from the appellant, who was the mesne grantee of the original purchasers, applications to reinstate the claims to the lands, with checks for the unpaid interest. On July 24, 1952, the Land Commissioner returned the applications and checks to the appellant with a letter in which it was said:

"With reference to the reinstatement of forfeited accounts as set out under the provisions of Article 5326, Revised Civil Statutes, in order to reinstate a forfeited account, the forfeiting owner, his heirs or assigns, must exercise such right within five years from the date of forfeiture. To exercise such rights the application to reinstate and also payment of all interest and penalty must be received in the five year period.

"In considering this matter, our attorneys have decided to reject the applications to reinstate the above described lands as the applications were not received until July 23. Due to this fact, your applications are being returned together with your two payments received on July 23."

On May 23, 1955, the Texas Legislature authorized the sale to the City of El Paso of fourteen thousand acres of land in El Paso County, including the lands claimed by the appellant. Acts 1955, c. 278. The lands were patented to the appellee City on January 26, 1956. Another statute of the State of Texas, enacted in 1921, contained a provision that "No sale made without condition of settlement shall be questioned by the State or any person after one year from the date of such sale." Vernon's Ann.Civ. Tex.Stat. Art. 5329. The appellant brought an action in the nature of trespass to try title on August 31, 1961. The City asserted by defenses, the limitation of the 1941 and 1951 statutes, the bar of Article 5329, adverse possession, and that intervening rights and lapse of time had resulted in the appellant's claim being barred by laches. Both parties filed motions for summary judgment. The motion of the defendant was granted and judgment was entered that the appellant take nothing. From that judgment this appeal has been taken.

■ Although other issues are made by the claim asserted in the complaint and the defenses set out in the answer, only two of these require present consideration. First, we must decide whether Article 5329 cut off the right of the appellant to question the validity of the sale to the City of El Paso. If this statute does not bar the appellant, then we must ascertain whether the statutes of 1941 and 1951 work an impairment of the obligation of the contract of pur-

chase with the result that the tender of the delinquent payments before any intervening rights arose reinstated the contract. As to the first of these questions, it would seem that if the application for reinstatement and tender of the delinquent interest made by the appellant were valid and effective so as to restore the rights which had been forfeited, the sale to the City of El Paso would have been illegally made and void. Statutes relieving from forfeiture are to be liberally construed in favor of the owner. The one-year limitation provisions would not be applicable if a reinstatement had been effected before the subsequent attempt to sell. Davis v. Yates, 63 Tex.Civ.App. 6, 133 S.W. 281. See also Lovett v. Simmons, Tex.Com. App., 29 S.W.2d 1021; Herndon v. Robison, 114 Tex. 446, 270 S.W. 159. We are then required to determine the second question.

■ It is said that "The books disclose numerous disputes which have arisen where land [in Texas], having been awarded to one person, thereafter was forfeited and awarded to another, the claim of the earlier purchaser depending upon the showing as to whether he was entitled to be reinstated to his rights under his contract of purchase." 34 Tex.Jur. 190, Public Lands § 129. The contract between the appellant's predecessor in title and the State was made pursuant to the statute, and the provisions of the statute became terms of the contract. Indiana ex rel. Anderson v. Brand, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685, 113 A.L.R. 1482, reh. den. 303 U.S. 667, 58 S.Ct. 641, 82 L.Ed. 1123. See also Dodge v. Board of Education, 302 U.S. 74, 58 S.Ct. 98, 82 L.Ed. 57; Hall v. Wisconsin, 103 U.S. 5, 26 L. Ed. 302.

The United States Constitution provides that "No State shall * * * pass * * * any * * * Law impairing the Obligation of Contracts." U.S.Const., Art. I, Sec. 10. A Court of Civil Appeals of Texas has held that this constitutional provision "is violated whenever there is any invasion of the effect of the asserted contract 'in however small a particular,' and it is not required that the contract be entirely or even materially impinged upon." Simpson v. Pontotoc Common County Line School District, Tex.Civ. App., 275 S.W. 449.

■■ It is the obligation of the contract that is not to be impaired. A statute which merely changes the remedy does not, as a general rule, impair the obligation. Aikens v. Kingsbury, 247 U.S. 484, 38 S.Ct. 558, 62 L.Ed. 1226. Statutes of limitation refer to the remedy and not to the obligation of a contract and hence do not fall within the constitutional inhibition of statutes impairing the obligation of contracts. Sturges v. Crowinshield, 4 Wheat. 122, 4 L.Ed. 529. The statutory provision, forming a part of the contract, gave to the contract purchaser a right to reinstate his contract at any time before the rights of third persons intervened. This right of reinstatemtnt was in the nature of a continuing option which the State could terminate only by the creation of a right in another. A Texas Court of Civil Appeals has declared that, "It is our duty to construe these laws so as to alleviate against the rigors of forfeiture, for the law abhors a forfeiture." State v. Walden, Tex.Civ.App., 325 S.W. 2d 705. See also Gulf Production Co. v. State, Tex.Civ.App., 231 S.W. 124.

■ In construing the statutory language providing for reinstatement after forfeiture, it was held in the case last cited that the statute was embraced in the contract when it was entered into, and neither the state nor the purchaser could arbitrarily and without the consent of the other write into the contract any provision or condition varying, restricting or enlarging the terms of the contract; and, the payment of the delinquent interest before the intervention of rights of a third party being the only condition to reinstatement, the state could not impose a different or additional condition. 231 S.W. 124, 131. The right of reinstatement is a vested right which is entitled to protection of constitutional guarantees. See Anderson v. Neighbors,

94 Tex. 236, 59 S.W. 543. The statute, in force when the purchase was made, which gave to the purchaser a right to redeem from forfeiture, was not one dealing with a remedy, but on the contrary created an obligation of the state to reinstate the contract if payment was made before the intervention of the rights of others. The state could not impair this right, as it attempted to do by the 1941 and 1951 Acts. Cf. Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926, 74 A.L.R. 701. The tender made by the appellant, assuming it has been or will be kept good, reinstated the contract.

The district court did not consider the defenses of adverse possession and laches. If sustained by the preponderance of evidence one or more of these defenses might defeat the appellant's claim. Therefore a remand is required for the trial of these issues.

Reversed and remanded.